IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TYREE GREGORY, *pro se*,         *
                                 *
    Petitioner,                  *
                                 *
                                      CRIMINAL NO.: WDQ-07-0261
        v.                            CIVIL NO.: WDQ-09-1643
                                 *
UNITED STATES OF AMERICA,        *
                                 *
    Respondent.                  *
                                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Tyree Gregory pled guilty to conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 846, and was sentenced to 78 months' imprisonment. Pending is Gregory's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, the motion will be denied.

I.  Background

The following facts were agreed to by Gregory and included in the December 14, 2007 plea agreement that he signed. From about February 2007 to June 2007, Gregory conspired with others

1

to distribute and possess with the intent to distribute heroin. Plea Agreement 4.  During the conspiracy, law enforcement intercepted cell phone conversations in which Gregory discussed and arranged transactions involving the wholesale distribution of heroin.  *Id*.  Based on these conversations and other surveillance, law enforcement determined that Gregory was supplying heroin to dealers such as James Brice, who operated a street level distribution "shop."  *Id*. 4-5.  The conspiracy involved at least 400 grams of heroin.  *Id*. 5.

Gregory was charged with conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846.  On March 28, 2008, Gregory pled guilty to the lesser included offense of conspiracy to distribute 100 grams or more of heroin. Rearraignment Hr'g Tr. 3, Mar. 28, 2008.  On June 25, 2008, the Court sentenced Gregory to 78 months' imprisonment.  Sentencing Hr'g Tr. 10.  Gregory did not appeal his conviction or sentence. On June 22, 2009, Gregory moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Paper No. 216.

II. Analysis

Gregory argues that (1) he received ineffective assistance of counsel and (2) his sentence was imposed in violation of due process.

A.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Gregory must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense.  *Id*. at 687.  To show deficient performance, Gregory must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness."  *Id*. at 688.  To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Because Gregory pled guilty, the focus is whether counsel's "performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  In other words, Gregory must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*.

Gregory argues that counsel's performance fell below an objective standard of reasonableness because counsel: (1) failed to "plea bargain for a minimal role adjustment in sentencing," (2) coerced Gregory into signing the Plea Agreement without ensuring that Gregory understood it, and (3) failed to

3

investigate an incident at the Baltimore City Detention Center ("BCDC") that--Gregory contends--would have mitigated his sentence. Gregory argues that but for these errors, he would not have pled guilty and/or would have received a lesser sentence.

1. Failure to Bargain for Mitigating Role Adjustment

Gregory contends that he instructed his counsel to bargain for a mitigating role adjustment under U.S.S.G. § 3B.1.2, and that counsel promised to do so. Because the Government did not agree to recommend an adjustment, Gregory argues that counsel must have broken his promise to bargain for the adjustment.

Gregory's allegations are contradicted by his sworn statements at the rearraignment. Gregory stated that: (1) he had read and discussed the Plea Agreement with his lawyer and that he understood it, Rearraignment Hr'g Tr. 7; (2) that his lawyer had not done anything that Gregory had told him not to do or refused to do something Gregory had told him to do, *id*. 5; and (3) that he was satisfied with his lawyer's services, *id*. He also stated that outside the plea letter, no one had made any promise or prediction to him about the sentence that the Court would impose. *Id*. 7. Counsel argued for the role adjustment at sentencing, but the Court did not make the adjustment. Sentencing Hr'g Tr. 6.

4

Even assuming that counsel failed to request that the Government recommend the adjustment--and that such a failure was unreasonable--Gregory has not shown that the outcome of the proceedings would have been different.  Gregory's argument rests on the unfounded assumptions that counsel in fact failed to request that the Government recommend the adjustment; that if counsel had made the request, the Government would have agreed to it; and if the Government would have agreed to it, the Court would have adjusted his sentence.  Nothing in the record supports these assumptions.  Gregory's unsupported assertions are not sufficient to show counsel's ineffective assistance.

    2. Involuntary and Unknowing Plea

Gregory argues that counsel "coerced" him into signing the Plea Agreement without first ensuring that he understood it.  Gregory maintains that if he had known that the Agreement contained a waiver of his rights to trial and appeal, he would not have pled guilty.  Again, Gregory's allegations are contradicted by his sworn statements at the rearraignment.  Gregory stated that he had read the agreement, discussed it with counsel, and understood it.  Rearraignment Hr'g Tr. 7.  The Court explained to him, *inter alia*, that he did not have to plead guilty and that by pleading guilty he was giving up various trial rights and limiting his right to appeal.  *Id*. 7-9.

5

Gregory's bald assertions that he was coerced into signing an agreement he did not understand are not sufficient to show counsel's ineffectiveness.

    3. Failure to Investigate "Cause for Mitigating Sentence"

Gregory asserts that while he was in pretrial custody at the BCDC, he was stabbed by another inmate. He argues that the health problems that resulted from the stabbing entitled him to a sentence below the guideline range. Although counsel noted the stabbing at sentencing, see Sentencing Hr'g Tr. 7, Gregory claims that counsel did not discuss the stabbing with him or otherwise investigate the incident. Gregory's argument appears to be that if counsel had investigated the incident, counsel's argument at sentencing would have been more effective, and the Court would have been more likely to impose a sentence below the guidelines range.

It is unclear what further investigation of the stabbing would have revealed or how any additional information would have affected the Court's sentencing decision. Counsel informed the Court about the incident, and the Court chose not to depart from the guidelines. Gregory's allegations do not establish counsel's ineffectiveness.

6

B.  Denial of Due Process

Gregory argues that he was sentenced in violation of due process because the Court failed to consider the sentencing factors under 18 U.S.C. § 3553(a) and "used an appellate standard of review at sentencing." Mot. to Vacate 13.[1]  As the Government notes, Gregory's argument appears to be that the Court failed to make an individualized assessment of his case when imposing sentence. *See, e.g., Gall v. United States*, 128 S. Ct. 586, 597 (2007) (sentencing court may not presume that a sentence within the guidelines is reasonable, but must "make an individualized assessment based on the facts presented"). Gregory suggests that the Court did not make an individualized assessment because it did not explain how the § 3553(a) factors applied and appeared to presume, as an appellate court must, that any sentence within the Guidelines is reasonable.

Although the sentencing court must consider the § 3553(a) factors, it need not explicitly reference the statute or discuss

---

[1] The Government contends that because Gregory did not raise these arguments on appeal, he may not raise them in his motion absent a showing of good cause and prejudice.  *See United States v. Landrum*, 93 F.3d 122, 124 (4th Cir. 1996) (claim raised for the first time in § 2255 motion is generally not cognizable unless petitioner demonstrates "cause excusing his . . . procedural default" and (2) "actual prejudice resulting from the errors of which he complains").  Because Gregory's claims lack merit, the Court need not consider whether he is in procedural default, and if so, whether he has demonstrated good cause and prejudice.

the factors on the record." *See United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006).  At sentencing, the Court explained that "*[i]n this case* . . . a guidelines sentence is appropriate.  Sentencing Hr'g Tr. 10.  This indicates that the Court made the required individualized assessment and did not merely presume that a guidelines sentence was reasonable. Gregory's motion fails on this basis.

Gregory has not shown ineffective assistance of counsel or a denial of due process.  Accordingly, his motion to vacate, set aside, or correct sentence will be denied.

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations

omitted).  Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Gregory has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Gregory's motion to vacate, set aside, or correct sentence will be denied.


<u>March 25, 2010</u>                     _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge